UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| MELISSA LYNN STAMPER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 16-036-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Melissa Lynn Stamper ("Stamper") and Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration ("the Commissioner"). [Record Nos. 11, 12] Stamper argues that the Administrative Law Judge ("ALJ") erred in concluding that she was not disabled within the meaning of the Social Security Act. Specifically, she asserts that the ALJ failed to properly consider the examining source opinions and failed to correctly evaluate the Listing of Impairment 1.04. Stamper requests an award of benefits in her favor or, alternatively, that this matter be remand for further administrative proceedings. Conversely, the Commissioner contends that the ALJ's decision should be affirmed. According to the Commissioner, the ALJ properly evaluated the source opinions and the Listing of Impairment 1.04. She further contends that the ALJ's decision is supported by substantial evidence.

As discussed more fully below, the ALJ properly evaluated the source opinions and the Listing of Impairment 1.04. Accordingly, the Commissioner's motion will be granted and the ALJ's decision will be affirmed.

**I.**

On August 14, 2013, Stamper filed an application for supplemental security income in which she alleged a disability beginning January 1, 1997. [Administrative Transcript ("Tr.") p. 163] This claim was denied on November 19, 2013, and upon reconsideration on January 29, 2014. [Tr. 13] On April 21, 2015, Stamper appeared at an administrative hearing before ALJ Bonnie Kittinger. Stamper's attorney and vocational expert ("VE") Laura Lykins also attended this hearing. [*Id.*] The ALJ ultimately concluded that Stamper was not disabled under the Social Security Act. [*Id.* at 22] The Appeals Council then denied Stamper's request for review. [*Id.* at 1]

Stamper was 29 years old at the time of the ALJ's decision. [*Id.* at 33] She has a ninth grade education and has never worked. [*Id.* at 182-83] After considering the testimony presented during the administrative hearing and reviewing the record, the ALJ concluded that Stamper suffers from the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post lumbar discectomy, depression, and borderline intellectual functioning. [*Id.* at 15] However, the ALJ concluded that neither Stamper's spinal impairments nor her mental impairments met or medically equaled the criteria of a listing. [*Id.* at 16] Further, the ALJ found that Stamper had the residual functioning capacity ("RFC") to perform a range of sedentary work, stating that she is able to do the following:

> lift/carry ten pounds occasionally and five pounds frequently and she is able to stand/walk up to five hours and sit at least six hours in an eight-hour workday. She is able to climb ramps and stairs, stoop, kneel, crouch, and crawl

> occasionally, but she should not climb ladders, ropes, or scaffolds. She is able to push/pull and reach overhead with her right upper extremity no more than frequently, and she should avoid concentrated exposure to vibration. She is able to understand, remember, and carry out simple, repetitive tasks and instructions for two-hour intervals and relate adequately in an object-focused setting, and is able to tolerate changes and pressures in such a work setting.

[*Id*. at 17]

Based on Stamper's age, education, work experience, RFC, and the VE's opinion, the ALJ concluded that Stamper could perform jobs that exist in significant numbers in the national economy, including weighing/measuring/checking/inspecting, bench assembly, and machine operator/press operator. [*Id*. at 21] Accordingly, the ALJ determined that Stamper was not disabled from August 14. 2013, through the date of the administrative hearing. [*Id*. at 22]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity,' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(a)(4)(i). Second,

the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 416.920(a)(4)(ii). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(iii). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can perform her past work. If she can, she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Under the fifth step of the analysis, if the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision-makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such

relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

### A. Examining Source Opinions

Stamper argues that the ALJ failed to properly evaluate the opinions of two examining physicians. Specifically, she contends that the ALJ did not give proper weight to these opinions and that, based on the alleged improper weight that she gave them, she incorrectly concluded that Stamper was not disabled. However, a complaint regarding the weight that an ALJ assigns a *non-treating* physician is not a legitimate assertion of error under the regulations. For non-treating physicians, the ALJ is required to consider the opinion. However, she may give them appropriate weight based on all relevant information submitted to her. Here, the ALJ's decision clearly demonstrates that she considered the physicians' opinions. Her decision includes a lengthy discussion of the opinions as well as an explanation for the weight assigned to them. In short, the ALJ evaluated the opinions in the required manner, and her decision will not be reversed on this basis.

Under the Social Security regulations, "the final responsibility for determining [disability status] is reserved to the Commissioner." 20 C.F.R. § 416.927(d)(2). In reaching her conclusion on a claim, the ALJ is required to "evaluate every medical opinion" that the claimant provides. 20 C.F.R. § 416.927(c). However, because final determinations are reserved to the Commissioner, the ALJ is not required to "give any special significance to the source of an opinion" on these final determinations. 20 C.F.R. § 416.927(d)(2). Instead, because the ALJ is authorized to determine the claimant's disability status, she may make this determination by considering "numerous factors" including "medical evidence, non-medical evidence, and the claimant's credibility," assigning appropriate weight to each factor. *Coldiron v. Comm'r of Soc. Sec.*, 391 Fed. App'x. 435, 443 (6th Cir. 2010). Accordingly, while the ALJ is required to consider physicians' opinions, she is not bound by them because "to require the ALJ to base her RFC finding on a physician's opinion would, in effect, confer upon the treating source the authority to make the determination or decision about whether an individual is disabled." *Rudd v. Comm'r of Soc. Sec.*, 531 Fed. App'x. 719, 728 (6th Cir. 2013).

Here, Stamper argues that the ALJ's decision was improper because she failed to properly consider the opinions of two examining physicians. Specifically, Stamper takes issue with the ALJ's evaluation of two source opinions—one opinion relating to Stamper's back injuries and the other relating to her mental condition. Each of these physicians found more serious limitations than those found by the ALJ, but the ALJ gave lesser weight to these opinions because she concluded that they were inconsistent with other evidence in the record. Stamper argues that the ALJ erred by giving decreased weight to these opinions, primarily

arguing against the ALJ's conclusion that they were inconsistent with other evidence in the record.

Stamper's contention that the ALJ should have given more weight to these sources' opinions fails because the ALJ evaluated these opinions in a manner consistent with the regulations' requirements. Specifically, concerning one physician who opined to more serious back limitations than those found by the ALJ, the ALJ states that she gave "significant weight" to the opinion, but that "other objective evidence . . . does not entirely support the level of severity she suggests." [Tr. at 19] Additionally, the ALJ addressed the opinion of the physician who evaluated Stamper's mental capacity and stated that she was only giving "partial weight" to the opinion because "it is inconsistent with the claimant's overall treatment record and the observations of other examiners," as well as with Stamper's education history. [*Id*. at 20]

The ALJ considered all of the source opinions that were presented to her, and weighed them, along with other relevant factors, to determine Stamper's disability status. This is all that the regulations require her to do, and her treatment of these opinions is not a legitimate basis for reversing the ALJ's decision.

    **B.    Listing 1.04**

Stamper also argues that the ALJ's decision should be reversed because she improperly evaluated Listing 1.04. Stamper makes two claims of error regarding the substance and procedure of the ALJ's decision. Regarding the procedure, she argues that the ALJ did not properly evaluate the Listing because she failed to give a complete explanation of her decision. She also argues that the ALJ's findings regarding this listing are not supported by the record, which shows that her condition satisfies the listing's requirements. However, the ALJ's

treatment of the listing was procedurally proper because, although she did not fully develop the decision within the section discussing the listing, she did make sufficient factual findings elsewhere in her decision. Further, the ALJ's decision is supported by substantial evidence.

The listing of impairments describes conditions that the Social Security Administration considers "severe enough to prevent an individual from doing any gainful activity, regardless of her age, education, or work experience." 20 C.F.R. § 416.925(a). Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing," and claimants have the burden of demonstrating that their condition satisfies the listing's requirements. *See* 20 C.F.R. § 416.925(c)(3); *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009). If a claimant demonstrates that her impairment satisfies the listings requirements, or is the medical equivalent of a listing, then the claimant is "deemed conclusively disabled, and entitled to benefits." *Reynolds v. Comm'r of Soc. Sec.*, 424 Fed. App'x. 411, 414 (6th Cir. 2011). The ALJ is required to compare the claimant's condition with the requirements of the listing and determine whether the condition either satisfies the requirements of the listing or is the medical equivalent of the listing. *Id*.

An ALJ's failure to fully develop her evaluation of a listing at step three is not grounds for reversal if the ALJ provided sufficient factual findings elsewhere in her decision that support the conclusion on the listing impairment. In *Bledsoe v. Barnhart*, 165 Fed. Appx. 408 (6th Cir. 2006), the claimant argued that the ALJ procedurally erred by not fully developing his analysis of the claimant's impairments at step three. The Sixth Circuit rejected the argument, noting that the ALJ "made specific factual findings about the credibility of witnesses and expert reports" elsewhere in the decision, which indicated that the ALJ did consider whether the claimant's impairment qualified for a listing. *Id*. at 410-11. Importantly, the court

stated that the ALJ is not required to fully explain his reasoning on the impairment within the step three analysis because "there is no heightened articulation standard where the ALJ's findings are supported by substantial evidence." *Id*. at 411 (citing *Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1986)). Accordingly, the court concluded that as long as the ALJ's decision indicates that his determination regarding the listing is supported by substantial evidence, it is irrelevant that the ALJ failed to fully discuss those findings at step three of the analysis. *Id*.; *see also Forrest v. Comm'r of Soc. Sec.*, 591 Fed. Appx. 359 (6th Cir. 2014) (rejecting the claimant's argument that the ALJ's decision should be reversed because it only included a "sparse analysis" at step three and upholding the decision because "the ALJ made sufficient factual findings elsewhere in the decision to support his conclusion at step three").

Here, neither the procedural nor substantive claims of error that Stamper raises justify reversing the ALJ's decision. The ALJ expressly concluded that Stamper's condition did not qualify for the listing at issue, then later fully developed facts that provide substantial evidence for that conclusion. Stamper argues that her condition satisfies Listing 1.04(A) under which a claimant will be deemed disabled if she has a disorder of the spine, such as generative disc disease, that compromises a nerve root or the spinal cord, accompanied by:

> [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine) . . . .

20 C.F.R. § Pt. 404, Subpt. P, App. 1.

Regarding this listing, the ALJ stated that:

[t]he medical evidence establishes spinal impairments, but the evidence does not satisfy the criteria of listing section 1.04. Specifically, the record contains

-9-

no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis with accompanying ineffective ambulation.

[Tr. 16]

Although the ALJ does not elaborate on her conclusion that Stamper's spinal impairments do not satisfy the terms of the listing within her discussion of the listing at step three, she does discuss Stamper's back condition more thoroughly in her findings relating to the claimant's RFC. Specifically, she discusses a physician's observation that Stamper's "balance and gait were intact and that she had no motor weakness or sensory loss" and another physician's findings that Stamper's "grip strength was 3/5 with adequate fine motor movements, dexterity and grasp" and that her "[s]ensation was intact and reflexes were normal . . . ." [Tr. 18] The ALJ also noted that Stamper had surgery in January of 2015, and that after this procedure (in March of 2015), her physician "stated that her leg pain had resolved, but that she was being treated for chronic back pain at a pain management clinic." [*Id.*] Additionally, the ALJ assigned discounted weight to the opinion of one physician that was reached before Stamper's surgery in 2015 because the "medical records document changes in the claimant's physical condition since the date of that examination." [*Id.*] Based on this information, the ALJ concluded that, in Stamper's present condition, the claimant had the RFC to perform a range of sedentary work. [*Id.* at 17]

Consistent with the decisions in *Bledsoe* and *Forrest*, the ALJ in this case followed the appropriate procedure because she expressly found that Stamper did not qualify for an impairment, and later developed factual findings that provide substantial evidence for this conclusion. Specifically, the ALJ found that Stamper's back condition was not so severe that she was incapable of performing sedentary work, supported by evidence that the claimant was

able to ambulate effectively and that she was not experiencing motor weakness, sensory loss, or impaired dexterity or fine motor movements. [Tr. 18] Further, the ALJ noted that the claimant's condition had improved, which suggested that examinations conducted prior to the surgery may not have accurately represented Stamper's present condition. [*Id.*]

These factual findings are sufficient to provide substantial evidence for the ALJ's finding that Stamper's condition does not qualify for a listing. Moreover, in her Motion Stamper has failed to identify evidence sufficient to establish that her condition satisfies the requirement of the listing and, importantly, fails to present any evidence of her condition since her surgery in 2015, after which her physician stated that her condition had improved.

**IV.**

There is no merit in Stamper's arguments that the ALJ's decision should be reversed. Further, substantial evidence supports the decision of ALJ Kittinger. Accordingly, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

2. Plaintiff Stamper's Motion for Summary Judgment [Record No. 12] is **DENIED**.

3. The decision of ALJ Bonnie Kittinger will be **AFFIRMED** by separate judgment entered this date.

This 28th day of September, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge